IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, *et al.*,

    Plaintiffs,

  v.                                  Civil Action No. PX-17-1529

RAKS FIRE SPRINKLER, LLC, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

On June 5, 2017, Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, and Trustees of the International Training Fund ("the NASI Funds" or "the Funds") filed the Complaint in the above-captioned case. ECF No. 1. Summonses were served on Defendants Raks Fire Sprinkler, LLC ("Raks"), Romero Ali, and Alia Seraaj-Ali on July 19, 2017. *See* ECF Nos. 4, 5, 7, 10. On December 20, 2017, the Funds moved for entry of default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 8. The Clerk entered an order of default on December 28, 2017. ECF No. 10. The NASI Funds have moved for default judgment. ECF No. 9. Defendants have not filed any response, and the time for doing so has passed. *See* D. Md. Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the reasons stated herein, the NASI Funds' Motion for Default Judgment is GRANTED.

1

## I. BACKGROUND

The NASI Funds comprise multi-employer "employee pension benefit plans" as that term is defined under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. *See* ECF No. 1 ¶ 1; 29 U.S.C. § 1002(3). The Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds ("Trust Agreements") and the Collective Bargaining Agreements between Road Sprinkler Fitters Local Union No. 669, Sprinkler Fitters Local Union 821, and Defendant Raks. ECF No. 1 ¶ 1. Raks is an employer that is obligated to contribute to the NASI Funds pursuant to these agreements. ECF No. 1 ¶¶ 1, 2, 6; *see* ECF No. 9-4 ¶ 9. Raks' contributions for the months of June 2014, August 2014, September 2014, May 2015, November 2015, December 2015, and January 2016 were paid late. ECF No. 1 ¶ 15.

When Raks had difficulty making the required benefit contributions in June 2016, Raks and the NASI Funds entered into a settlement agreement allowing Raks to make monthly installment payments on the amount owed while also remaining current on its monthly contributions going forward. ECF No. 1 ¶ 9; *see* ECF No. 9-4 ¶ 10; ECF No. 9-18 at 1, 2, 5. The settlement waived liquidated damages in the amount of $2,437.84 provided that Raks remain current in all future contributions and file all required monthly report forms. ECF No. 1 ¶ 9. Defendants Ali and Seraaj-Ali signed the settlement agreement and executed a promissory note as guarantors for all amounts owed by Raks to the NASI Funds, including future amounts that became due. ECF No. 1 ¶¶ 9, 10; ECF No. 9-18 at 2–4, 6.

Beginning in February 2017, Raks failed to make contributions or submit reports as required, thereby violating the agreement. *See* ECF No. 1 ¶¶ 11, 12. Plaintiffs seek judgment in the amount of $146,039.15 in delinquent contributions between February and November 2017;

$38,707.34 in liquidated damages for late contributions and delinquent contributions; $2,437.84 for reinstated liquidated damages under the settlement agreement; and associated attorney's fees, costs, and interest. ECF No. 9 ¶¶ 1–4. For the reasons below, default judgment in the requested amounts is granted.

## II. STANDARD

Federal Rule of Civil Procedure 55(b) governs default judgments, which may be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). If the requested sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides that "the party must apply to the court for a default judgment." The Court may then "conduct hearings or make referrals" if in order to enter or effectuate judgment the Court needs to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Although "the Fourth Circuit has a strong policy that cases be decided on the merits," default judgment nevertheless "is available when the adversary process has been halted because of an essentially unresponsive party." *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (internal quotation marks and citations omitted). Whether to grant a default judgment rests with the sound discretion of the Court. *See SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In assessing the propriety of default judgment, the Court engages in a two-step inquiry: First, the Court must decide "whether the unchallenged facts in plaintiffs' complaint constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). Second, if the Court finds liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.* The Court may hold a hearing

3

to determine damages, or it may rely on detailed affidavits or other documentary evidence. *Lipenga v. Kambalame*, 219 F. Supp. 3d 517, 525 (D. Md. 2016).

### III. DISCUSSION

#### A. Liability

Defendants were served with copies of the Complaint in July of 2017 and failed to respond. *See* ECF No. 10. Defendants also did not respond to the NASI Funds' motion for entry of default judgment, nor did they move to set aside the Order of Default entered by the Clerk of the Court. The Court will exercise its discretion to grant default judgment in light of Defendants' failure to participate in this case. *See Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Accordingly, all of the Funds' allegations—other than those pertaining to damages—are deemed admitted. Fed. R. Civ. P. 8(b)(6).

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for inter alia, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action). ERISA therefore "provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685–86 (D. Md. 2013) (quoting *Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)).

Taking the well-pleaded facts of the Complaint as true, the NASI Funds have established that Raks was required as an employer to make contributions under to the Funds. The NASI Funds also have established that Raks failed to make such contributions, in violation of 29 U.S.C. § 1145. *See generally* ECF No. 1. The Complaint makes plain that Defendants are jointly and severally liable for the payment of amounts owed to the NASI Funds. *See* ECF No. 1 ¶¶ 9–11. Default judgment as to liability is appropriate.

**B. Damages**

Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ in kind from or exceed in amount what is requested in the pleadings. Under ERISA, a plaintiff is authorized to collect as damages the amount of the delinquent contributions, interest on unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and other legal or equitable relief the Court deems appropriate. *See* 29 U.S.C. § 1132(g)(2). The Court must determine what, if any relief, to award. *See Agora Fin.*, 725 F. Supp. 2d at 494.

In support of the requested damages, the Funds attach the relevant collective bargaining and trust agreements, ECF Nos. 9-5–9-17, as well as the settlement agreement and promissory note executed by Ali and Seraaj-Ali, ECF No. 9-18. The Funds also attach the Declaration of John P. Eger, Assistant Fund Administrator of the NASI Funds. ECF No. 9-4. Eger attests that Raks did in fact experience difficulty in making payments in June 2016, leading to the settlement agreement and promissory note, ECF No. 9-4 ¶ 10; that Raks defaulted on the settlement agreement by failing to pay contributions to the NASI Funds from February 2017 through November 2017, ECF No. 9-4 ¶ 12; and that Raks failed to submit reports for February 2017 through November 2017 as required, ECF No. 9-4 ¶ 13. Eger includes a damages calculation owed for those months pursuant to agreed-upon methods in the Trust Agreements, totaling

5

$146,039.15.  ECF No. 9-4 ¶¶ 14, 15; *see* ECF No. 9-19.  Eger also attests to liquidated damages owed on those amounts, as well as for late payments in June 2014, August 2014, September 2014, May 2015, November 2015, December 2015, and January 2016, totaling $38,707.34.  ECF No. 9-4 ¶¶ 16–19; ECF No. 9-19; *see* ECF No. 1 ¶ 18.  Interest is reflected in the evidence submitted by the Funds.  ECF No. 9-19.

The record evidence supports the Funds' requests for $146,039.15 in delinquent contributions, $38,707.34 in liquidated damages on the delinquent contributions as well as other late contributions, $2,437.84 under the settlement agreement, and $8,712.01 in interest.  Although the judgment awarded is higher than the amount set forth in the Complaint, the Funds had averred in the Complaint that they seek "all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment."  ECF No. 1 at 7 ¶ E.  Accordingly, the award accounts for the outstanding amounts beyond the filing date of the Complaint as requested, and is appropriate.  *See Trs. of Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, Case No. GJH-17-0449, 2017 WL 4898264, at *5 (D. Md. Oct. 27, 2017).

As to the reasonableness of the attorney's fees request, the Court considers Appendix B to this Court's Local Rules which sets forth the presumptively reasonable hourly rates for attorneys and support staff.  The Court also considers the the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or

lawyers performing the services; and whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009).

Charles W. Gilligan, counsel of record for the Funds, seeks by written Declaration to recover for his time spent on this case as well as the time of his paralegal, Teresa Butler. ECF No. 9-20. Gilligan graduated from law school in 1985 and has been a member of this Court's Bar since 1986. ECF No. 9-20 ¶ 1. Butler has been employed by Gilligan's firm as a paralegal since 1985. ECF No. 9-20 ¶ 2. Gilligan seeks to recover $310 per hour for attorney time and $122 for paralegal time. ECF No. 9-20 ¶ 5; ECF No. 9-21. Both rates are presumptively reasonable under the Court's Local Rules. *See* D. Md. Loc. R. App'x B.3.

The record reflects that Butler worked for 10.75 hours on this case, and that Gilligan worked for one hour, generating total fees in the amount of $1,621.50. ECF No. 9-21. The Court finds the total cost to be reasonable in light of this case. The record also supports an award of costs in the amount of $400 for the filing of the Complaint, and $615 for service of process and other fees, which will be awarded. ECF No. 9-20 ¶ 6; ECF No. 9-21; *see generally* ECF No. 9-22. Thus, the Funds are entitled to a total of $2,636.50 in attorney fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the NASI Funds' motion for default judgment is GRANTED. The Funds are entitled to $2,437.84 in reinstated liquidated damages under the settlement agreement; $146,039.15 in delinquent contributions; $38,707.34 in liquidated damages on delinquent or otherwise late contributions; $8,712.01 in interest; and $2,636.50 in attorney fees and costs, for a total recovery of $198,532.84. Post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate order shall follow.

| 8/9/2018 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |